## CIRCUIT COURT OF LOUDOUN COUNTY

Theodore K. Sjurseth et al.

v.

Loudoun County et al.

### July 29, 1993

### Case No. (Chancery) 14727

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the demurrer of Ronald D. Conklin, Florence I. Conklin, Ashghar Sadeghi, and Fatemah Ilkhan (hereinafter "individual defendants" or "owners") to the Amended Bill of Complaint for specific performance and damages relating to a "State Maintained Road Agreement" dated October 29, 1990, between the owners and the County of Loudoun ("the Agreement").

For the reasons hereinafter set forth, the Demurrer is sustained on all three grounds asserted by the individual defendants.

The Complainants have sued the parties to the Agreement on a third-party beneficiary contract theory. The statutory authority for such theory is found in § 55–22; however, the application of the statute is limited as held by the Supreme Court of Virginia:

> In order to proceed in the third-party beneficiary contract theory, the party claiming the benefit must show that the parties to a contract "clearly and definitely intended" to confer a benefit upon him. Thus, Code § 55–22 has no application unless that party against whom liability is asserted has assumed an obligation for the benefit of a third party. Put another way, a person who benefits only incidentally from a contract between others cannot sue thereon. The essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third party but one of the parties to the agreement fails to uphold his portion of the bargain.

*Cobert v. Home Owners Warranty Corp.*, 239 Va. 460, 466 (1990), citing *Copenhaver v. Rogers*, 238 Va. 361, 367 (1989).

Because this cause is before the Court on a demurrer, the allegations of the Amended Bill of Complaint are taken as true. The facts as stated herein are, therefore, derived from the Amended Bill of Complaint. In simple terms, the agreement does require the individual defendants to construct certain streets and roads which will serve a lot conveyed to the complainants by the individual defendants after the execution of the Agreement. However, the Agreement clearly states that the individual defendants agree to construct the improvements in consideration of the approval by the County of plats, plans, and profiles of a subdivision being developed by the individual defendants known as "Carter Farm Estates" and the County not requiring such work to be completed prior to the approval and recordation of the plat of the subdivision.

Nowhere in the Agreement is it stated that, specifically, the Complainants are intended beneficiaries thereof, or, generally, all present and future owners of the lots in the subdivision are intended beneficiaries thereof. The Agreement does not show on its face clearly that the parties definitely intended to confer a benefit on a lot owner as the Complainants. The purpose of the Agreement was not to provide a state-maintained road to the Complainants' lot but to allow the subdivision plat to be approved and recorded before the road work was completed. Absent the Agreement, the individual defendants would have been required to complete the roads to state-maintained standards before the subdivision plat was approved by the County. Likewise, the county did not enter into the Agreement to provide for construction of a state-maintained road to the Complainants' property but did so to see that the requirements of an approved subdivision would ultimately be met by the individual defendants as owners of the land being subdivided.

I am of the opinion that this cause is more analogous to *Richmond Shopping Center v. Jackson Co.*, 220 Va. 135 (1979) (a landowner adjacent to a highway construction project has no action as third-party beneficiary against contractors for damage caused by contractor's vehicles) and *Copenhaver* (no third-party beneficiary claim alleged in absence of an allegation that plaintiff's grandchildren were intended beneficiaries of a contract between an attorney and their grandparents for preparation of a will) as opposed to *Cobert* (a home buyer was a

third-party beneficiary of an agreement between builder-seller and a home owner warranty insurer; the agreement clearly was intended to confer a benefit on the owner of the home). Further, the Complainants are more properly beneficiaries of the work to be completed under the Agreement; i.e., they will benefit from the completed road as opposed to being beneficiaries of the contract between the individual defendants and the County. The complainants are similar to the plaintiff grandchildren in *Copenhaver* which the Supreme Court found to have been intended beneficiaries of their grandparents' estate but not intended beneficiaries of the contract between the grandparents and the lawyer.

Because the Complainants have not stated a claim based upon a third-party beneficiary contract theory, there is no need to address the ground of the Demurrer asserting that they cannot seek both specific performance and damages. However, as a general principle, the concepts are not mutually exclusive. In certain circumstances, a court can decree specific performance as well as award damages for that part of a contract that cannot be specifically performed. *See* 17 M.J., *Specific Performance*, § 104.

Virginia follows the American Rule as to recovery of attorney fees. In the absence of a contract or a statute, the prevailing party cannot recover its attorney fees. There are no allegations in the Amended Bill of Complaint of the existence of a contract or statute which would allow the Complainants to recover attorney fees.

Let Mr. Price submit a decree sustaining the Demurrer to which Ms. Holden may note her exceptions. No leave is granted to file a further Amended Bill of Complaint unless the Complainants move for such leave alleging other facts that clearly show that they were intended third-party beneficiaries of the Agreement. If the Complainants cannot make such allegations, then the cause will be dismissed as to the individual defendants.